No. 71–298. ROSENGART v. LAIRD, SECRETARY OF DEFENSE, ET AL. C. A. 2d Cir. Certiorari granted, judgment vacated, and case remanded for reconsideration in light of suggestions of the Solicitor General and upon independent examination of entire record. ▆

MR. JUSTICE WHITE, with whom THE CHIEF JUSTICE and MR. JUSTICE REHNQUIST concur, dissenting.

The Court vacates the judgment of the Court of Appeals, 449 F. 2d 523, and directs that the Court of Appeals consider the views of the United States presented in this case. Finding the suggestions of the United States unacceptable, I dissent from today's judgment.

In its memorandum filed October 13, 1971, in response to the petition for certiorari, the United States asserted that in passing on petitioner's conscientious objector's claim the Army considered petitioner's opposition to war to be sincere and rejected the claim solely because peti-

tioner's views did not qualify as religious under the standards of *Welsh* v. *United States,* 398 U. S. 333 (1970). It was therefore error, the United States urged, for the Court of Appeals to have put aside the *Welsh* issue and to have affirmed the denial of habeas corpus on insincerity grounds after making an "independent search of the administrative record" to discover a basis in fact for such a judgment.

These assertions were incredible. The Army Review Board, in its final order entered on September 10, 1970, denying the conscientious objector claim, unanimously found that "1LT Rosengart's purported conscientious objector beliefs are not truly held; and that any objection to war in any form he might sincerely hold is based solely on philosophical views and sociological experiences." The plain meaning of this order is that the Board both found that petitioner was not sincere and determined that his views were solely philosophical and sociological.

The Court of Appeals so read the Board's order, saying "[t]he Board found that any conscientious objection held by Rosengart was based solely on philosophical views and sociological experiences (a curious finding in the light of *Welsh*) *and* that Rosengart's 'purported conscientious [objector] beliefs are not truly held.'" *Supra,* at 528. The Court of Appeals then put aside the issue of whether petitioner's beliefs were religious within the meaning of the Act and affirmed the denial of habeas corpus after agreeing with the District Court that there was a basis in fact for a conclusion of insincerity because the record "cast a cloud upon the sincerity of his professed deeply-held beliefs of conscientious objection." *Ibid.*

There was nothing untoward in the way the Court of Appeals approached the case, particularly since the United States in its October 13 memorandum flatly asserted that there was indeed sufficient evidence in the

record to support the judgment of insincerity and that "under normal circumstances, such evidence would, in our view, provide ample factual basis for a denial of petitioner's application for discharge."

When asked for further response, the United States filed a supplemental memorandum on December 10, 1971, modifying its position. It now concedes the dual basis of the Board's order and that "[v]iewed solely in light of the September 10 Board decision, the majority's conclusion in this regard is not unwarranted." It also reveals that "[i]ndeed, such a result was suggested by the government's argument below . . . ." Nevertheless, although again not disagreeing "with the conclusion reached by the majority below that there was basis in fact on this record to sustain a finding of 'insincerity' with respect to petitioner's claimed opposition to war," the Government's position in the Court of Appeals is characterized as placing "undue emphasis on the final recommendation of the Army Review Board." It is now urged that the Board's September 10 decision be read in conjunction with its earlier decisions and that in context the Board be deemed to have found petitioner to be sincere.

I find nothing to commend the Government's position in this case. It would be one thing if it forthrightly supported petitioner's sincerity. It is quite another thing to assert that the record supports a judgment of insincerity, and then, notwithstanding this concession, to urge setting aside the final order of the Army Review Board which plainly found petitioner insincere and which the United States does not straightforwardly argue was beyond the power of the Board.